UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SIMONE ENTERPRISES, LLC, D/B/A
MIDTOWN MARKET,

    Petitioner,

    v.                                                                Case No. 11-CV-301

UNITED STATES DEPARTMENT OF
AGRICULTURE, FOOD AND NUTRITION
SERVICE, MICHAEL SKAER, and DANIEL LAY,

    Respondents.

## **DECISION AND ORDER**

### **NATURE OF CASE**

On March 9, 2011, the petitioner, Simone Enterprises, LLC, d/b/a Midtown Market, filed this action in Racine County Circuit Court against the respondents, United States Department of Agriculture (USDA), the Food and Nutrition Service (FNS), a division of the USDA, and FNS employees Michael Skaer and Daniel Lay. The petitioner challenges a final agency decision disqualifying it from the Supplemental Nutrition Assistance Program (SNAP). On March 25, 2011, the respondents removed this case to federal court, asserting that the case is governed by the federal regulations which apply to the federally-funded SNAP from which the petitioner was disqualified.

The case was assigned according to the random assignment of civil cases pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(b)(1) (E.D. Wis.). The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73 (E.D. Wis.).

On May 12, 2011, the petitioner filed a motion for a preliminary injunction[1] seeking an order to prevent the defendant from disqualifying it from SNAP while this case is pending. (Docket #12). The respondents filed a brief in opposition to the motion for preliminary injunction and also filed a motion to dismiss the petitioner's complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. (Docket #17). The petitioner did not file a reply brief in support of its motion for preliminary injunction or a brief in opposition to the respondent's motion to dismiss. The deadline for filing these briefs has passed. See Gen. L. R. 7(b) and (c) (E.D. Wis.). These motions will be addressed herein.

## **FACTUAL ALLEGATIONS IN THE COMPLAINT**

The petitioner is a retail grocery store located in Racine, Wisconsin that previously participated in both the federal SNAP program and the State of Wisconsin Women, Infants and Children (WIC) program. The petitioner was disqualified from "[SNAP] for a period of six (6) years." (Complaint at 1). According to the complaint, "[t]he singular basis for the unilateral disqualification decision was the settlement agreement entered into by and between Petitioner and the State of Wisconsin Women, Infants, and Children (WIC) program which imposed a six-year disqualification." (Complaint at 2). The petitioner states that the "decision was a reciprocal one and predicated upon § 7 CFR 278.6(e)(8)(iii) [sic]." Id. In the decision letter, FNS stated that the six year disqualification decision was final and not subject to administrative or judicial review. The petitioner states that "[t]he only decision that is reviewable is the denial of a 'hardship' Civil Money Penalty." Id. On or about February 7, 2011, the administrative

---

[1]The petitioner filed two documents, one of which was captioned as a motion for preliminary injunction, and the other of which was captioned as a brief in support of its motion. (Docket ##14 and 15). The respondent correctly points out that "neither of the documents is a motion and both appear to be the identical four page brief in support." (Respondent's Brief at 2). Civil L. R. 7(a) requires that a "motion must state the statute or rule pursuant to which it is made . . .." The petitioner's motion fails to do this. However, as the respondent does not challenge the motion on this basis, the court will proceed as if the petitioner properly filed the motion with this court.

- 2 -

review officer sustained the six year disqualification and the denial of any hardship civil money penalty.

The petitioner asserts that the lack of any opportunity for judicial or administrative review of its disqualification from SNAP and the reciprocal disqualification time period of six years is "contrary to due process and is arbitrary and capricious." (Complaint at 2). Specifically, the petitioner points to two sections of the applicable federal regulations, contending that they contradict one another because one section provides for a maximum penalty of five years for a first violation of SNAP while another provision provides that if a store is disqualified from SNAP based on its disqualification from WIC, then the disqualification time period shall be the same for both programs. See 7 C.F.R. §§ 278.6(e)(2) and 278.6(e)(8)(iii). The petitioner maintains that this contradiction violates his due process. In addition, it appears that the petitioner is challenging FNS' decision not to impose a civil money penalty.

## MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1)

A plaintiff's complaint only needs to provide a "short and plain statement of the claim showing that the pleader is entitled to relief" that is also sufficient to provide the defendant with "fair notice" of the claim and its basis. Windy City Metal Fabricators & Supply v. CIT Technology Financing Services, Inc., 536 F.3d 663, 667 (7th Cir. 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 [2007]; Fed. R. Civ. P. 8[a][2]). In resolving the issue of subject matter jurisdiction pursuant to Rule 12(b)(1), the court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff. Capitol Leasing Co. v. F.D.I.C., 999 F.2d 188, 191 (7th Cir. 1993). A court must dismiss the case without ever reaching the merits if it concludes it has no jurisdiction. Id. However, "[t]he district court may properly look beyond the jurisdictional

allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether, in fact, subject matter jurisdiction exists." Grafton Corp. v. Hausermann, 602 F.2d 781, 783 (7th Cir. 1979).

## **ANALYSIS**

The petitioner seeks an order enjoining FNS from disqualifying him from SNAP until this case is resolved. However, that motion cannot be decided if, as the respondent contends, the court does not have jurisdiction. Jurisdiction is the threshold issue and without it, the court has no power to decide. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998).

The respondent maintains that the court lacks subject matter jurisdiction because retail stores enrolled in SNAP are not entitled to judicial review of a disqualification that is premised on an underlying disqualification from the WIC program. Because the petitioner failed to respond to the motion to dismiss, the petitioner's arguments are limited to its complaint. Kirksey v. R.J. Reynolds Tobacco Co., 168 F.3d 1039, 1041-1043 (7th Cir. 1999) (any allegation not supported in the plaintiff's response to the defendant's motion to dismiss is waived).

The issue of whether federal courts have subject matter jurisdiction to review a SNAP disqualification that is based on disqualification from WIC appears to be novel in this circuit. The United States is immune from suit unless it consents to be sued. Macklin v. United States, 300 F.3d 814, 820 (7th Cir. 2002) (citing United States v. Dalm, 494 U.S. 596, 608 [1990]). This principle extends to agencies of the United States, which are immune from suit absent a waiver of sovereign immunity. F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994). Congress has waived immunity for the SNAP program by authorizing retail stores to obtain judicial review of disqualification. See 7 U.S.C. § 2023(a). However, that waiver is limited.

- 4 -

In 1996, Congress amended the Food Stamp Program (now SNAP). The amendments provide for the disqualification from SNAP of stores that have been disqualified from the WIC program. The amendments state that "[t]he Secretary shall issue regulations providing criteria for the disqualification under this Act of an approved retail food store . . . that is disqualified from accepting benefits under the special supplemental nutrition program for women, infants, and children . . .." 7 U.S.C. § 2021(g)(1). The amended statute also provides that SNAP disqualifications which are made pursuant to WIC disqualifications "shall be for the same length of time as the disqualification" from WIC and "may begin at a later date" than the WIC disqualification." 7 U.S.C. § 2021(g)(2)(A) and (B).

The statute further states that such disqualifications "shall not be subject to judicial or administrative review." 7 U.S.C. §2021(g)(2)(C). The implementing regulations similarly provide that while judicial review is available for some FNS decisions, disqualification of a retail store from SNAP based on that store's disqualification from WIC is not subject to administrative or judicial review. See 7 C.F.R. § 278.6(e)(8)(iii)(C). Therefore, the plain language of the statute and regulations preclude judicial review of SNAP disqualifications that are triggered by WIC disqualifications.

Other courts that have considered the issue have held that federal courts lack subject matter jurisdiction to review SNAP disqualifications based on WIC disqualifications. In Salmo v. U.S.D.A., 226 F. Supp. 2d 1234, 1237 (S.D. Cal. 2002), the court ruled that the plain language of the regulations supports the conclusion that Congress intended to prohibit judicial review of FNS decisions to disqualify stores from SNAP based upon prior disqualification from the WIC program. The court is Salmo stated:

> Congress has unambiguously stated that decisions by the FNS disqualifying a
> store from participating in [SNAP] as a result of a prior WIC disqualification are

> not subject to administrative or judicial review. This limitation upon the court's jurisdiction is not unreasonable.

Id.; see also, Khemmoro, Inc. v. United States, 2008 U.S. Dist. LEXIS 52422, at *6 (E.D. Mich. July 9, 2008) (holding that judicial review is unavailable when disqualification from SNAP is based on a previous disqualification from WIC); Dasmesh v. United States, 501 F. Supp. 2d 1033, 1039 (W.D. Mich. 2007) (finding that the plaintiff's disqualification from SNAP is not subject to judicial review because it is premised on a WIC disqualification); Islam Corp. v. Johanns, 2007 U.S. Dist. LEXIS 37381, at *6-7 (W.D. Ky. May 21, 2007) (dismissing case for lack of subject matter jurisdiction because SNAP disqualification was based on WIC disqualification).

Here, the petitioner acknowledges that it was disqualified from WIC and that its subsequent disqualification from SNAP "was a reciprocal one and predicated upon §7 C.F.R. 278.6(e)(8)(iii) [sic]." (Complaint at 2). Based on the plain language of the relevant statute and applicable regulations, as well as persuasive case law addressing the issue, the court finds that it does not have jurisdiction to review the petitioner's reciprocal disqualification from SNAP.

In addition to challenging its reciprocal disqualification from SNAP, the petitioner also is challenging the FNS' decision not to impose a civil money penalty in lieu of disqualification. However, in its complaint, the petitioner correctly notes that "[t]he only decision that is reviewable is the denial of a 'hardship' Civil Money Penalty." (Complaint at 2). Unlike decisions to disqualify a store from SNAP after it has been disqualified from WIC, the decision not to impose a civil money penalty is not expressly exempted from judicial review. See 7 U.S.C. § 2021(g); 7 C.F.R. § 297.7(a). However, the court's jurisdiction to review such sanctions is very limited. See Dasmesh, 501 F. Supp. 2d at 1039. "'The reviewing court's

function is only to 'determine the validity of the questioned administrative action,' not to review the sanctions.'" Id. (quoting Woodward v. United States, 725 F.2d 1072, 1077 [6th Cir. 1984]). The scope of judicial review is "limited to determining 'whether the agency properly applied the regulations . . ..'" Id. (quoting Goldstein v. United States, 9 F.3d 521, 523 [6th Cir. 1993].) As such, "the severity of the sanction is not open to review." Goldstein, 9 F.3d at 523.

In its complaint, the petitioner does not elaborate upon the specific bases of its challenge to this decision. Moreover, as previously stated, the petitioner failed to respond to the motion to dismiss, thereby waiving any arguments regarding the civil money penalty. See 330 W. Hubbard Rest. Corp., 203 F.3d at 997 (any allegation not supported in the plaintiff's response to the defendant's motion to dismiss is waived). However, since the petitioner did raise a more specific challenge to the FNS' decision not to impose a civil money penalty in its brief in support of its motion for a preliminary injunction, the court will briefly address this issue. Specifically, the petitioner asserted that the FNS based its decision on information that was "not in or of the record," stating that "there is no supporting documentation about how many stores, where they are located, what are the comparable prices" and that the "reviewer of the decision clearly decided to investigate on his own" in violation of 7 C.F.R. § 279.5. (Petitioner's Brief in Support of Preliminary Injunction at 3, 2).

> The applicable regulations with respect to the civil money penalty states:
>
> FNS may impose a civil money penalty as a sanction in lieu of disqualification when the [store] is selling a substantial variety of staple food items, and the [store's] disqualification would cause hardship to food stamp households because there is no other authorized retail food store in the area selling as large a variety of staple food items at comparable prices.

7 C.F.R. § 278.6(f)(1).

The portion of the regulations addressing the determination of the FNS reviewer states:

(a) Basis for review determination. The designated reviewer shall make a determination based upon:

(1) The information submitted by the appropriate FNS office;

(2) Information submitted by the [retail store] in support of its position; and

(3) Any additional information, in writing, obtained by the designated reviewer from any other person having relevant information.

7 C.F.R. § 279.5. As such, the respondent is authorized to consider information provided by its own field offices.

The respondents submitted the verified administrative record that was considered in making the determination to disqualify the petitioner from SNAP rather than impose a civil money penalty. See Letter from Defendant Filing the Administrative Record (Administrative Record), Exh. 2 at 1. Pursuant to Fed. R. Evid. 201, this court may take judicial notice of the administrative record because it contains adjudicative facts and is "not subject to reasonable dispute" because the source's "accuracy cannot reasonably be questioned." Fed. R. Evid. 201.[2]

Despite the petitioner's contentions that the FNS reviewer must have conducted his own investigation or based his decision on information not in the record, the administrative record contains information from the Madison field office identifying 17 authorized stores within one mile of the petitioner. See id., Exh. 2 at 62-72. The administrative record also includes information provided by the petitioner regarding whether its disqualification would result in a hardship to food stamp households in the area. The FNS reviewer considered all

---

[2] In addition, the court notes that the respondents informed the petitioner that the administrative record may be released. See Administrative Record, Exh. 2 at 95. The respondents submitted both a sealed, unredacted version and an unsealed, redacted version of the record. The court cites to the redacted version, which excludes only personal information such as social security numbers, dates of birth, and federal employer identification numbers.

- 8 -

of this evidence when deciding whether the petitioner's disqualification would pose a hardship to food stamp households. Id., Exh. 2 at 94. Nothing in the FNS reviewer's final decision indicates that the reviewer obtained or relied on any information he gathered through his own investigation. Therefore, the court finds that the respondent followed its regulations and procedures when making the determination to disqualify the petitioner from SNAP rather than impose a civil money penalty. Accordingly, the decision not to impose a civil money penalty is valid and the court does not have jurisdiction to review this decision further.

In sum, based on a review of the relevant statute and regulations, the court finds that the administrative decision to disqualify the petitioner from SNAP based on its disqualification from WIC is unreviewable by this court. See 7 C.F.R. § 278.6(e)(8)(iii)(C); 7 U.S.C. § 2021(g)(2). Likewise, the court's jurisdiction to review the decision not to impose a civil money penalty is limited to whether that decision was valid, and the court concludes that it was. Dasmesh, 501 F. Supp. 2d at 1039. As the court does not have subject matter jurisdiction to further review this case, it must be dismissed. Accordingly, the court will grant the respondents' motion to dismiss.

## MOTION FOR A PRELIMINARY INJUNCTION

The petitioner's motion for a preliminary injunction seeks an order from this court enjoining the respondents from disqualifying the petitioner until this case is resolved. In light of the court's determination on the motion to dismiss, the petitioner's motion for a preliminary injunction must be denied. The petitioner cannot establish a likelihood of success on the merits with respect to its disqualification from SNAP because the court does not have subject matter jurisdiction to consider that issue. Similarly, given the court's decision, the petitioner cannot establish a likelihood of success on the merits on the civil money penalty issue. Even

though the court does have limited jurisdiction to review the validity of that decision, the court has already considered the petitioner's assertions and determined that FNS' decision was valid. Accordingly, the petitioner's motion for a preliminary injunction will be denied.

## **ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the respondents' motion to dismiss be and hereby is **granted** for lack of subject matter jurisdiction. (Docket #17).

**IT IS ALSO ORDERED** that the plaintiff's motion for a preliminary injunction be and hereby is **denied**. (Docket #12).

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 27th day of July, 2011.

BY THE COURT:

s/ Patricia J. Gorence  
PATRICIA J. GORENCE  
United States Magistrate Judge